NOT DESIGNATED FOR PUBLICATION

No. 113,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMOND SIMMONS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY GOERING, judge. Opinion filed July 1, 2016.
Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam*: Raymond Simmons appeals the 120-day sanction imposed by the
district court after he violated the terms of his probation. Pursuant to a plea agreement
Simmons pled guilty to aggravated criminal threat, and the State recommended
probation. The district court placed Simmons on probation for 36 months, with an
underlying prison sentence of 49 months.

Just 2 months later, Simmons' Intensive Supervision Officer (ISO) filed a warrant
alleging that Simmons had violated several conditions of his probation by failing to: (1)
comply with alcohol intake monitoring; (2) seek employment; (3) obtain a drug and

1

alcohol evaluation; and (4) complete community service. At a hearing, the district court revoked and reinstated Simmons' probation with modified conditions and ordered him to serve a 3-day "Quick-Dip" sanction in the county jail.

About 14 months later, Simmons again violated probation by not obtaining vocational rehabilitation services and by not performing community service as directed. Simmons admitted the violations. The State requested that the district court impose a 120-day sanction, noting that the district court had already imposed a 3-day "Quick-Dip." The district court imposed a 120-day sanction pursuant to K.S.A. 2015 Supp. 22-3716(c)(1)(C), and Simmons appeals.

On appeal, Simmons claims the district court erred by imposing the 120-day sanction. Here, the disposition decision was within the district court's sound discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Simmons bears the burden to show an abuse of discretion. See *State v. Burnett*, 300 Kan. 419, 449, 329 P.3d 1169 (2014).

We have unlimited review in considering whether the district court correctly followed the mandates provided by the legislature in K.S.A. 2015 Supp. 22-3716(c). See *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009).

Under K.S.A. 2015 Supp. 22-3716(c)(1)(B) the district court may impose an intermediate sanction of confinement in jail for not more than 6 days per month in 2-day or 3-day consecutive periods, not to exceed a total of 18 days. Then under K.S.A. 2015 Supp. 22-3716(c)(1)(C) the district court may remand the defendant to the custody of the secretary of corrections for 120 days, subject to a reduction of up to 60 days at the discretion of the secretary, if the district court has previously imposed a "Quick-Dip" sanction under K.S.A. 2015 Supp. 22-3716(c)(1)(B). The scheme of graduated sanctions also includes 180 days in prison and ultimately revoking probation and sending the

2

defendant to prison to serve his underlying sentence. The district court followed this statutory scheme.

Simmons stipulated to violating the terms of his probation, and he does not point to any errors of fact or law in the district court's decision to impose the 120-day sanction. Simmons asserts the district court lacked a reasonable basis for imposing the sanction because his probation violations were related to challenges he was facing with his health and in finding reliable transportation. Simmons points to the ways in which he complied with his probation and asserts the district court failed to consider his mitigating circumstances before imposing the 120-day sanction. But the district court addressed Simmons' personal circumstances and noted that the court had warned Simmons at the first revocation hearing that it was "done with excuses."

Here, the district court acted within its statutory authority and followed the mandates provided for in K.S.A. 2015 Supp. 22-3716(c). Simmons fails to show that no reasonable judge would have imposed a 120-day graduated sanction rather than reinstating the terms of probation. The district court did not abuse its discretion in ordering Simmons to serve a 120-day graduated sanction.

Affirmed.